IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TOWONA WRIGHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO. 3:05-0790 |
| ) | JUDGE TRAUGER/KNOWLES |
| ) | |
| MASONITE INTERNATIONAL, ) | |
| ) | |
| Defendant. ) | |

### REPORT AND RECOMMENDATION

This matter is before the Court upon Defendant's "Motion to Dismiss," and supporting Memorandum filed pursuant to Fed. R. Civ. P. 37 (Docket Nos. 15, 16), and a letter from Plaintiff dated April 12, 2007 (Docket No. 17), which the Court will treat as a Motion for a Voluntary Dismissal pursuant to Fed. R. Civ. P. 41(a)(2).[1] The Court will discuss the Motions seriatim.

Defendant argues that this action should be dismissed for Plaintiff's failure to comply with a Court Order requiring her to respond to discovery requests. Defendant previously filed a Motion to Compel Plaintiff to respond to Interrogatories and Requests for Production of Documents that were served upon Plaintiff on January 25, 2006. Docket No. 10. The Court discussed that Motion in part as follows:

> The Memorandum [Docket No. 11] establishes that Defendant served
> a set of Interrogatories and Requests for Production of Documents
> upon the pro se Plaintiff on January 25, 2006. Shortly thereafter,

---

[1] As will be discussed in greater detail below, Plaintiff does not have the right to voluntarily dismiss this action without Court approval.

when it appeared that Plaintiff would be (or was being) represented by an attorney, Defendant sent a copy of the referenced discovery to that attorney. Apparently, the lack of responses to the discovery was excused for a number of months while the parties pursued settlement discussions. The case did not settle, Plaintiff's potential attorney decided not to get involved, and, on December 8, 2006, Defendant's counsel wrote Plaintiff a letter, sending Plaintiff another copy of the Interrogatories and Requests for Production of Documents. A few weeks thereafter, Plaintiff called counsel for Defendant and confirmed that she had the Interrogatories and Requests for Production of Documents. Defendant's counsel also informed Plaintiff that he wished to take her deposition, but Plaintiff stated that she was not sure whether she would be able to give a deposition "given her condition and treatment." Plaintiff stated that she would call Defendant's counsel "soon," but she has failed to do so. Defendant seeks an Order compelling Plaintiff to respond to the referenced discovery within an appropriate period of time. Additionally, Defendant asks the Court to schedule a status conference in order to determine how to proceed in this case, in view of "Plaintiff's apparently disabling condition . . . ."

Docket No. 12, p. 1-2 (citation added).

The Court scheduled a status conference, stating in part as follows:

> Plaintiff is advised that, even though she is proceeding pro se, she must comply with the requirements of the Federal Rules of Civil Procedure. Plaintiff cannot simply ignore discovery requests.
>
> . . .
>
> It is the Court's intention to discuss the Motion to Compel at the status conference. Therefore, the Court reserves a ruling on the Motion to Compel.

*Id.*, p. 2.

The Court held a status conference on March 7, 2007. The pro se Plaintiff and counsel for Defendant appeared. Following the status conference, the undersigned entered an Order stating in pertinent part as follows:

2

> For the reasons discussed on the record at the status conference, Defendant's Motion to Compel (Docket No. 10) is GRANTED. Plaintiff shall respond to the Interrogatories and Requests for Production of Documents at issue on or before April 6, 2007, *which is the amount of time requested by Plaintiff.* As the Court advised Plaintiff at the status conference, if Plaintiff fails to abide by this Order, the undersigned will recommend that this action be dismissed with prejudice.

Docket No. 14, p. 1 (emphasis added).

According to Defendant's Motion and supporting Memorandum, Plaintiff did not comply with the Court's Order and has not responded to the discovery requests.

The Sixth Circuit has set forth a four-factor test for determining whether a case should be dismissed for failure to prosecute under Fed. R. Civ. P. 41(b) and/or failure to comply with a Court Order to provide discovery under Fed. R. Civ. P. 37(b)(2): (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the party's failure to cooperate in discovery; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Regional Refuse Sys., Inc., v. Granger Sales, Inc.,* 842 F.2d 150, 155 (6th Cir. 1987).

First, it is somewhat unclear whether Plaintiff's failure to respond to the discovery at issue was due to willfulness, bad faith, or fault. The undersigned, however, specifically inquired of Plaintiff at the status conference discussed above how much time she needed to respond to the Interrogatories and Requests for Production of Documents. The Court gave Plaintiff thirty (30) days to respond, which is the amount of time she requested. There is nothing in the record to indicate that Plaintiff made any effort to comply with the Court's Order. Insofar as the record shows, she offered no explanation to Defendant's counsel, but simply ignored the passing of the April 6, 2007,

deadline set by the Court, at least until she sent the letter dated April 12.[2]  That one-sentence letter

dated April 12, 2007, states as follows:

> I Towona Wright filing for a Volunteer Non Suit at this time due to medical conditions that where developed and escalated from my employment and not recommended to continue at this time. [*sic*]

Docket No. 17.  As will be discussed below, Plaintiff's "medical conditions" may indicate that her failure to respond to the discovery at issue was not due to willfulness, bad faith, or fault.

Second, Defendant has been prejudiced by Plaintiff's failure to cooperate in discovery. Defendant cannot prepare for the trial of this case without engaging in discovery.  The trial of this case is set for August 28, 2007.  Defendant's discovery has been pending for almost 15 months.

Third, Plaintiff was specifically warned that failure to provide the referenced discovery could (and would) lead to dismissal.

Fourth, less drastic sanctions were imposed before dismissal was ordered.  Specifically, the Court entered its previous Order requiring Plaintiff to respond to the discovery at issue on or before April 6, 2007.

Thus, while the last three factors have been satisfied, it is unclear whether the first factor has been satisfied.  In any event, however, the Court must also consider Plaintiff's Motion.

Under Fed. R. Civ. P. 41(a)(1), a plaintiff may dismiss her action without an Order of Court either: (1) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs; or (2) by filing a stipulation of

---

[2] With that letter, Plaintiff also submitted a copy of a letter dated March 30, 2007, from Defendant's counsel to her.  The March 30 letter primarily discusses the desire of Defendant's counsel to take Plaintiff's deposition "within the next 30 days."  The relevance of the March 30 letter is unclear.

4

dismissal signed by all parties who have appeared in the action. Plaintiff cannot dismiss the instant action without an Order of the Court because: (1) Defendant has previously filed an Answer (Docket No. 3); and (2) Plaintiff has not filed a stipulation of dismissal signed by all parties who have appeared in the action. Thus, Plaintiff can voluntarily dismiss her case only pursuant to Fed. R. Civ. P. 41(a)(2), which provides in pertinent part as follows:

> Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. . . . Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

Thus, the question becomes whether the Court should grant Defendant's Motion and dismiss this action with prejudice, or whether the Court should grant Plaintiff's Motion and dismiss this action without prejudice.[3] The Court concludes that the latter course of action is the more appropriate one.

Plaintiff's April 12 letter refers to Plaintiff's "medical conditions," and it at least implies that someone has "recommended" to Plaintiff that she not proceed with this lawsuit "at this time." Furthermore, as discussed above, Plaintiff appeared at the status conference on March 7, 2007. At that time, she exhibited what appeared to be a fairly significant medical condition, in that it appeared to the Court that Plaintiff was unable to stop the involuntarily and very pronounced shaking of one of her legs. When the Court inquired about Plaintiff's condition, she stated that she was "just nervous." She further stated that she had a "medical problem," but she also stated, "I'm fine."

---

[3] While Plaintiff's April 12 letter does not specifically mention a dismissal without prejudice, the Court assumes that the letter does seek such a dismissal.

5

Additionally, allowing Plaintiff to voluntarily dismiss her case without prejudice will have little adverse impact upon Defendant. While a dismissal without prejudice would leave open the possibility that Plaintiff could refile this action in the future, Fed. R. Civ. P. 41(d) provides in pertinent part:

> **(d) Costs of Previously-Dismissed Action.** If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the court may make such order for the payment of costs of the action previously dismissed as it may deem proper and may stay the proceedings in the action until the plaintiff has complied with the order.

For the foregoing reasons, the undersigned recommends that Plaintiff's Motion for a Voluntary Dismissal (Docket No. 17) be GRANTED, and that this action be DISMISSED WITHOUT PREJUDICE. Correspondingly, the undersigned recommends that Defendant's Motion to Dismiss (Docket No. 15) be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

_____
E. Clifton Knowles
United States Magistrate Judge